# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SANDEEP NAYAK,

    Plaintiff,

v.

JENNIFER A. FARLEY and
VOITH HOLDING INC.,

    Defendants.

Case No. 17-CV-1120

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

Sandeep Nayak files a *pro se* complaint against Jennifer Farley and Voith Holding Inc. (collectively defendants) alleging various forms of employment discrimination and civil conspiracy. Currently before me is defendants' motion for sanctions under Fed. R. Civ. P. 11. For the reasons explained below, defendants' motion for sanctions is granted.

## BACKGROUND

In the underlying lawsuit, Nayak alleges that he experienced discrimination while employed at Voith Turbo, Inc. On September 27, 2018, I granted defendants' motion to dismiss Nayak's complaint based on claim preclusion. (Docket # 32.) Defendants assert that sanctions are necessary because Nayak "has persisted in the exercise of harassing [defendants] through this vexatious and frivolous litigation by refusing to withdraw his Complaint. . . . ." (Defs.' Mot. for Sanctions at 9, Docket # 14.)

On August 14, 2017, Nayak filed his current complaint. (Docket # 1.) On September 26, 2017, defendants served Nayak with its motion for sanctions for frivolousness, informing

him that he had twenty-one days to withdraw his complaint and avoid sanctions. (Defs.' Mot. for Sanctions, Exh. 7 at 2, Docket # 14-8.) Nayak's motion was not withdrawn and defendants filed its motion for sanctions on October 27, 2017.

## ANALYSIS

Rule 11 of the Federal Rules of Civil Procedure lists requirements for those who file papers with the courts and provides for sanctions if those requirements are violated. Rule 11(b) reads in relevant part that:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)-(2).

Rule 11, along with available sanctions, exist to ensure that the federal judiciary is "engaged only to address claims and defendants that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). "Toward that end, the Rule imposes an objective standard of reasonableness on a party's or lawyer's action." *Novoselsky v. Zvunca*, 324 F.R.D. 197, 202 (E.D. Wis. 2017) (citing *N. Ill. Telecom, Inc.*, 850 F.3d at 885).

In this case, defendants assert that sanctions are necessary because Nayak continues to repeat the same arguments even after multiple courts reject them. (Defs.' Reply Br. at 4, Docket # 27.) Similar to its Fed. R. Civ. 12(b)(6) motion, defendants assert that Nayak's

complaint is clearly meritless based on the Release statement Nayak signed, the statute of limitations, claim preclusion, and issue preclusion. Further, defendants contend that Nayak's strategy has been to "simply file[] a new lawsuit and . . . start again" when he loses on an issue. (Defs.' Reply Br. ("Defs.' Rep.") at 5, Docket # 27.)

As I discussed in the order dismissing his complaint, Nayak has filed several lawsuits related to employment at Voith Turbo Inc. *See e.g*, *Nayak v. CGA Law Firm*, No. 13-CV-2533, 2014 WL 70085 (M.D. Pa. Jan. 9, 2014) (dismissing, on the merits, Nayak's *pro se* claims against his former legal representation for fraudulent misrepresentation, abuse of process, discrimination, intentional infliction of emotional distress, civil conspiracy, and breach of fiduciary duty); *Nayak v. Voith Turbo Inc.*, No. 1:14-cv-01053 2015 WL 1605576 (M.D. Pa. April 9, 2015) (dismissing Nayak's *pro se* claims against Voith Turbo for Title VII, breach of contract, conspiracy, fraud, and intentional infliction of emotional distress); *Nayak v. C.G.A. Law Firm*, No. 14-2783, 620 Fed. Appx 90 (3d Cir. Aug 13, 2015) (upholding the district court's dismissal of Nayak's civil conspiracy, fraudulent misrepresentation, and breach of fiduciary duty claims); *Nayak v. McNees Wallace & Nurick LLC*, No. 1:15-CV-00933, 2016 WL 6995485 (M.D. Pa. Nov. 30, 2016) (adopting the report and recommendation which held that the signed Confidential Release statement was valid and dismissing, based on *res judicata*, Nayak's claims of discrimination and conspiracy against Voith's counsel).

Nayak's claims have been repeatedly rejected on their merits by several courts. Nevertheless, Nayak continues to file *pro se* lawsuits *in forma pauperis* while defendants incur costs defending the claims. Not only have the claims Nayak raised before this Court been dismissed on their merits, his complaint has even been dismissed based on claim preclusion grounds in another court. *See Nayak*, 2016 WL 6995485. Further, defendants assert that

throughout the last several years, as Nayak's lawsuits have been dismissed by other courts, Nayak "repeatedly has reached out to Voith Turbo and its counsel and made unsolicited settlement demands." (Defs. Rep. Br. at 7.) At this point, it seems Nayak knows that his claims are meritless and it can be reasonably inferred that he is filing additional lawsuits for "[an] improper purpose." *See* Fed. R. Civ. P. 11(b)(1). This is the rare case where simply dismissing the complaint is not enough to prevent this abuse of the system. Accordingly, defendants' motion for sanctions is granted.

**IT IS THEREFORE ORDERED** that defendants motion for sanctions (Docket # 14) is **GRANTED** and Sandeep Nayak is ordered to pay defendants' reasonable attorneys' fees and expenses incurred in defending this action;

**IT IS FURTHER ORDERED** that the Clerk of Court **NOT** accept any new filings from Sandeep Nayak until the attorneys' fees and expenses incurred by defendants in pursuing their motion for sanctions are paid.

Dated at Milwaukee, Wisconsin this day of 27th September, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge