UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANDEEP NAYAK,

    **Plaintiff,**

  v.

                        Case No. 17-CV-1120

JENNIFER A. FARLEY
VOITH HOLDING INC.,

    **Defendants.**

---

## DECISION AND ORDER ON DEFENDANT'S
## MOTION TO DISMISS COMPLAINT

---

Sandeep Nayak files a *pro se* complaint against Jennifer Farley and Voith Holding Inc. (collectively defendants) alleging various forms of employment discrimination and civil conspiracy. Currently before me is defendants' motion to dismiss Nayak's complaint. For the reasons explained below, defendants' motion to dismiss is granted.

## BACKGROUND

This lawsuit stems from Nayak's employment at Voith Turbo, Inc. Nayak is a citizen of India. (Compl. at 2, Docket # 1.) In December 2011, Nayak was contacted by Voith Inc., to discuss possible employment in York, Pennsylvania. (Compl. ¶ 1.) After agreeing to work for Voith, Nayak immigrated from India to the United States. (Compl. ¶ 14.) According to the complaint, Nayak experienced severe forms of employment discrimination while employed at Voith. (Compl. ¶¶ 21-60.) Nayak and Voith eventually settled out of court. As part of his settlement, Nayak, assisted by counsel, signed a confidential release statement that waived all potential causes of action against Voith and its subsidiaries. (Compl. ¶ 149.)

It is important to note that Nayak's complaint before me arises out of circumstances related to several cases that have been litigated in other jurisdictions. *See e.g*, *Nayak v. CGA Law Firm*, No. 13-CV-2533, 2014 WL 70085 (M.D. Pa. Jan. 9, 2014) (dismissing, on the merits, Nayak's *pro se* claims against his former attorney for fraudulent misrepresentation, abuse of process, discrimination, intentional infliction of emotional distress, civil conspiracy, and breach of fiduciary duty); *Nayak v. Voith Turbo Inc.*, No. 1:14-cv-01053 2015 WL 1605576 (M.D. Pa. April 9, 2015) (dismissing Nayak's *pro se* claims against Voith Turbo for Title VII, breach of contract, conspiracy, fraud, and intentional infliction of emotional distress); *Nayak v. C.G.A. Law Firm*, No. 14-2783, 620 Fed. Appx 90 (3d Cir. Aug 13, 2015) (upholding the district court's dismissal of Nayak's civil conspiracy, fraudulent misrepresentation, and breach of fiduciary duty claims); *Nayak v. McNees Wallace & Nurick LLC*, No. 1:15-CV-00933, 2016 WL 6995485 (M.D. Pa. Nov. 30, 2016) (adopting the report and recommendation which held that the signed Release was valid and dismissing, based on *res judicata*, Nayak's claims of discrimination and conspiracy against Voith's counsel).

In this case, Nayak raises claims based on tortious interference of a contractual relationship, civil conspiracy, aiding and abetting breach of fiduciary duty, aiding and abetting breach of contract, negligent infliction of emotional distress, aiding and abetting fraud, aiding and abetting bribery, aiding and abetting retaliation, and aiding and abetting discrimination.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must satisfy Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief. . . in order to give the defendant fair notice of what the. . . claim is and the grounds

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the allegations must suggest that the plaintiff is entitled to relief beyond the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007). The Court must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). However, a party may "plead itself out of court" by alleging facts that establish an "impenetrable defense" to its claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (internal citation omitted).

## ANALYSIS

Defendants raise four grounds for dismissal. First, defendants argue that Nayak's suit is barred because he signed a Release which waived all causes of action against Voith Holdings Inc. and its subsidiaries. Second, defendants argue that Nayak's complaint is barred by Pennsylvania's statute of limitations. Third, defendants assert that Nayak's claims are barred by the doctrine of claim preclusion. And fourth, defendants argue that Nayak's claims are barred by the doctrine of issue preclusion.

*Claim Preclusion*

I will begin with whether Nayak's complaint is barred by the doctrine of claim preclusion. While claim preclusion (or *res judicata*) is often raised under Fed. R. Civ. 12(c), as a motion for judgment on the pleadings, the Seventh Circuit has treated claim preclusion as an argument that the plaintiff has failed to state a claim. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (stating that claim preclusion, at times, is a "proper basis for a Rule 12(b)(6) motion"). "The doctrine of claim preclusion 'provides that a final judgment on the

3

merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.'" *Walczak v. Chicago Bd. Of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (internal citation omitted).

Federal law of claim preclusion applies when "the earlier judgment was rendered by a federal court." *Ross ex rel. Ross v. Board of Educ. Of Tp. High School Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007) (internal citation omitted). A party asserting claim preclusion "must establish: '(1) identity of the claim, (2) identity of parties, which includes those in 'privity' with the original parties, and (3) a final judgment on the merits.'" *Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014) (quoting *Ross ex rel. Ross*, 486 F.3d at 283).

To determine whether two cases have the same claim, courts "ask whether they arise out of the same transaction." *Burge*, 752 F.3d at 1101. If so, regardless of "whether or not they were actually raised in the earlier lawsuit, they may not be asserted in the second or subsequent proceeding." *Id*. (citing *Ross ex rel. Ross*, 486 F.3d at 283). To establish identity of parties or privity with original parties, the party raising claim preclusion must establish that the parties "represent the same legal interests." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1080 (7th Cir. 2011) (internal citation omitted). For privity purposes, the identity of legal interests control, rather than the "'nominal identity of the parties.'" *Id*. (internal citation omitted). Finally, "a judgment is on the merits 'if it is rendered upon consideration of the legal claim'" as opposed to being dismissed for procedural or jurisdictional issues. *Whitaker v. Wisconsin Dept. of Health Services*, 45 F. Supp. 3d 876, 880 (E.D. Wis. 2014) (citing *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.3d 939, 943 (7th Cir. 1981)).

In this case, defendants argue that all the elements of claim preclusion apply to Nayak's complaint. First, defendants assert that an identity of claims exists in this case. Specifically, defendants contend that "all Plaintiff's claims in this, and all of his prior actions, arise from the termination of his employment with Voith Turbo and the negotiation of his signed Release." (Def.'s Br. in Support of Mot. to Dismiss ("Def.'s Br.") at 8, Docket # 23.) Next, defendants argue that "[d]efendant Voith Holding, like Voith Turbo, is affiliated with the Voith Group of Companies, and Defendant Farley was employed as Associate Regional Counsel for both at the time of the events giving rise to Plaintiff's Complaint." (*Id.*) Further, defendants assert that there are "multiple final judgments on the merits related to Plaintiff's claim," specifically, for the United States Court of Appeals for the Third Circuit and the United States District Court for the Middle District of Pennsylvania. (*Id.*)

The application of claim preclusion is fairly straightforward in this case. The entirety of Nayak's complaint relates to the claims of discrimination he allegedly experienced while working for Voith Turbo as well as the circumstances surrounding him signing the Release. (Compl. at 29-32.) These are claims that were raised in other federal courts. *See Nayak*, 2015 WL 1605576. As stated earlier, Nayak raised claims for Title VII violations, breach of contract, conspiracy, fraud, and intentional infliction of emotional distress against Voith Turbo Inc. in *Nayak*, 2015 WL 1605576. This claim was dismissed on the merits. *Id.*

Further, identity of parties exists in this case. As defendants point out, Voith Turbo Inc., a party to prior lawsuits filed by Nayak, is affiliated with Voith Holdings Inc. whom Nayak now is suing. In an attachment that Nayak filed with his complaint, Jennifer Farley, attorney for Voith Holdings Inc., sent an e-mail to Nayak's (then) counsel stating that Voith

5

Turbo is a subsidiary of Voith Group of Companies, Inc. (Compl. Exh. 2 at 9, Docket # 1-1.) Nayak does not rebut that Voith Turbo and Voith Holdings represent the same legal interests. Additionally, although Farley was not named to the prior lawsuits, as associate general counsel to Voith Holdings, Inc., she represents the same legal interests as her client and employer. *See Chicago Title Land Trust Co.*, 664 F.3d at 1080.

Finally, a final judgment exists here because a prior federal court dismissed Nayak's claims on the merits. Specifically, Nayak's claims of Title VII discrimination, breach of contract, conspiracy, fraud, and intentional infliction of emotional distress were dismissed on the merits by the United States District Court for the Middle District of Pennsylvania. *See Nayak* 2015 WL 1605576. Additionally, in a separate case, a federal court for the Middle District of Pennsylvania dismissed Nayak's complaint alleging various forms of discrimination and conspiracy and held that the Release statement Nayak signed was valid. *See Nayak*, 2016 WL 6995485.

Nayak does not provide a substantive response to the defendants' claim preclusion argument, but rather asks the Court to "make an independent review of facts alleged in [the] complaint." (Pl.'s Br. in Opp. to Mot. to Dismiss ("Pl.'s Resp.") at 27, Docket # 26.) But even construing all the facts in a light most favorable to Nayak, as I must do at the pleading stage, Nayak's complaint is barred by claim preclusion. As such, defendants' motion to dismiss Nayak's complaint is granted.

Because I find that Nayak's complaint is barred by claim preclusion, I need not address defendants' other arguments for dismissal.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendants' motion to dismiss Nayak's complaint (Docket # 22) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter a judgment accordingly.

Dated at Milwaukee Wisconsin this 27th day of September, 2018.

BY THE COURT
*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge